UNITED STATES v. LEIGH.

(*Circuit Court, D. Massachusetts.* September 11, 1889.)

CUSTOMS DUTIES—APPRAISEMENT—ROYALTY FEES.

Where machinery subject to letters patent in the United States and Great Britain, has been manufactured and sold to the importer in England, the royalty fees for its use paid by the purchaser in this country, which formed no part of the price in England, are not a part of its dutiable value under section 2906, Rev. St. U. S., which requires the collector to cause the market or wholesale price of the article, in the country from which it is exported, to be appraised for the purpose of assessing the duty.

At Law. Action to recover additional duties on machinery.

*T. H. Talbot,* Asst. U. S. Dist. Atty.

*J. P. Tucker,* for defendant.

COLT, J. This is an action brought by the United States for additional duties upon certain machinery imported into the port of Boston by the defendant. Parts of the machinery, at the time of importation, were the subject of letters patent issued by the governments of Great Britain and the United States, the owners being the same in both countries. The government contends that the royalty fee paid by the purchaser in the United States to the defendant for the right to use the machinery in question is a part of the dutiable value of the machinery. It is admitted that the defendant, at the time of making the contract of sale to his purchaser in this country, agreed to furnish the machines at a round price, which included the royalty fee for the right to use the machinery. The

sole question presented in this case is whether such a fee, under these circumstances, should enter into the dutiable value of the importation. Section 2906 of the Revised Statutes provides that, when an *ad valorem* duty is imposed on any imported merchandise, the collector shall cause the actual market value or wholesale price thereof at the period of the exportation to the United States in the principal markets of the country from which the same has been imported to be appraised, and such appraised value shall be considered the value upon which the duty shall be assessed. The machinery in question was subject to a duty *ad valorem*, and, if the collector is right, his justification must be found under this provision of the law. The question, therefore, which arises is whether, under this statute, the wholesale price or market value of a machine in England includes a fee paid by a purchaser from the importer in this country to the owners of patents applicable to parts of the machine for the right to use the machine in the United States. It is agreed that in the purchase by the defendant in England of the machine the royalty fee formed no part of the purchase price paid by him. It is difficult, therefore, to see how it can be held to be a part of the market value or wholesale price there, simply because the purchaser from the defendant was obliged to pay a royalty fee for its use in this country. Suppose a machine had been purchased in England for use in some country where there was no patent upon it, could it be held that the royalty fee exacted for its use in the country where it was patented should be added in estimating the market price? A royalty fee paid for the right to make and the right to sell might be considered as a part of the market value for the reason that it is a part of the cost to the maker or vendor, and therefore becomes a factor in the selling price of the article; but a fee paid for use, which in this case it is agreed did not form any part of the price paid by the defendant, cannot, it seems to me, be any part of the wholesale price or market value of the import in the country from which it was imported, because it is a fee accruing only after manufacture and sale in that country, and payable after importation into the United States. **Judgment for defendant.**